IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HANGZHOU YINGSHITONG TECHNOLOGY LTD., | ) ) ) | Case No. 23-CV-405 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| LUTECH LTD., | ) ) | |
| Defendant. | ) ) | |

**COMPLAINT**

Plaintiff Hangzhou Yingshitong Technology Ltd. ("Plaintiff") hereby files this Complaint against Defendant Lutech Ltd. ("Defendant"), and alleges based upon information and belief as follows:

## I.     JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act 17 U.S.C. § 501, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. The Court has supplemental jurisdiction over all state and common law claims pursuant to 28 U.S.C.§ 1367. The state law claims are integrally related to the federal claims and arise from a common nucleus of operative facts.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets business activities toward consumers in the United States, including Illinois. Defendant's mobile application is available throughout the United States, and it is available on the Google Play

website. Upon information and belief, consumers within the Northern District of Illinois have downloaded and have made, and are continuing to make, purchases from Defendant's mobile applications. Therefore, Plaintiff's claims of infringement include transactions that happen on a regular basis within the jurisdiction of Illinois.

4. Defendant transacted and conducted, and continues to transact and conduct, business in this judicial district, purposefully availing itself of the benefits and laws of this judicial district and purposefully directing significant and substantive contacts at this judicial district. Defendant maintains ongoing contractual relationships within this district and conducts or solicits business within this district. Defendant directly and/or through intermediaries, offers for sale, sells, and advertises its products that are pertinent to this action within this district.

5. Upon information and belief, Defendant is not a resident of the United States. Therefore, for venue purposes under 28 U.S.C. § 1391(c)(3), Defendant may be sued in any judicial district, including the Northern District of Illinois.

6. Defendant has consented to the venue of any Federal District Court, including the venue of the Northern District of Illinois, in accordance with a DMCA Counter-Notice in accordance with 17 U.S.C. § 512(g)(3).

## II. INTRODUCTION

7. Plaintiff is forced to file this action to combat Defendant's infringement of its copyrighted in-app images, displays, layout, text, text sequences, and user interface of Plaintiff's Blood Pressure App Pro. Plaintiff has been and continues to be irreparably damaged through infringement of copyrighted work as a result of Defendant's actions and seeks injunctive and monetary relief.

### III. THE PARTIES

8. Plaintiff Hangzhou YingShiTong Technology Ltd. is a foreign company having its principal place of business in China at No. 317 Wantang Road, Xihu District, Hangzhou, Zhejiang 310000.

9. Plaintiff has been in the business of designing and creating various mobile applications and authorizes the use of those mobile applications by developer accounts, including Hitchhike Tech, on online platforms such as Google Play.

10. Defendant is a foreign entity who, upon information and belief, has a principal place of business in Vietnam at Seventh Floor, 773 Ngo Quyen St., An Hai Bac Son Tra, Da Nang City.

11. Defendant is a mobile application developer and conducts business throughout the United States, including within Illinois and in this judicial district.

12. Defendant offers a few mobile applications on the Google Play store. One of Defendant's mobile applications is "Blood Pressure Tracker App" which is available to download by Illinois residents via Google Play website.

### IV. DEFENDANT'S UNLAWFUL CONDUCT

13. Plaintiff is a designer and creator of various mobile applications and authorizes the use of those mobile applications by developer accounts on online platforms such as Google Play.

14. One of Plaintiff's highly successful mobile applications is titled "Blood Pressure App Pro" (hereinafter "Plaintiff's Mobile App") and is offered on the Google Play Store by developer account Hitchhike Tech.

15. Plaintiff spent significant resources in research and time in developing Plaintiff's Mobile App.

16. Since June 2, 2022, when Plaintiff's Mobile App was launched, Plaintiff has spent significant time, effort, and resources helping Plaintiff's Mobile App mobile application available.

17. In a short period of time, in less than 6 months, Plaintiff's Mobile App has amassed over hundreds of millions of downloads, has over fifty-three thousand (53,200.00) reviews, and still boasts an impressive high star rating.

18. Plaintiff owns all exclusive rights, including without limitation the rights to reproduce the copyrighted work within Plaintiff's original Blood Pressure App Pro mobile application, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public.

19. Defendant created its own blood pressure tracker mobile application "Blood Pressure Tracker App" that was released on Google Play on or about September 30, 2022, nearly four months after Plaintiff's Mobile App was released.

20. Upon information and belief, Defendant's Blood Pressure Tracker App mobile application directly copied the in-app images, displays, layout, text, sequences of text, and user interface of Plaintiff's Mobile App.

21. Alternatively, Defendant's Blood Pressure Tracker App mobile application is strikingly similar, or at the very least substantially similar, to Plaintiff's copyrighted work concerning the in-app images, displays, layout, text, sequences of text, and user interface as to constitute an unauthorized copying, reproduction, distribution, creation of a derivative work, or public display of Plaintiff's copyrighted work.

22. Defendant had access to Plaintiff's Mobile App and intentionally incorporated Plaintiff's copyrighted work in order to benefit from a popular mobile application that provides the same function.

23. Defendant's Blood Pressure Tracker App was created and launched months after Plaintiff's Mobile App has already achieved significant success.

24. Defendant's exploitation of Plaintiff's copyrighted work within Plaintiff's Mobile App for Defendant's own Blood Pressure Tracker App mobile application constitutes infringement of Plaintiff's copyrights.

25. Upon information and belief, Defendant's infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyrighted work. Defendant acted willfully, maliciously, and in conscious disregard and intentional indifference to the rights of Plaintiff.

26. Defendant's mobile application represents a clear attempt to benefit from Plaintiff's hard-earned popularity and goodwill.

27. Plaintiff discovered Defendant's Blood Pressure Tracker App mobile application on or about December 15, 2022.

28. On December 15, 2022, Plaintiff sent a DMCA Takedown Notice through Google Play's internal system with the evidence of the copied in-app images, displays, layout, text, text sequences, and user interface.

29. Google removed Defendant's Blood Pressure Tracker App and confirmed the same to Plaintiff in a January 5, 2023 email correspondence.

30. Defendant submitted a DMCA Counter-Notice to Google, which was provided to Plaintiff on January 10, 2023.

31. Defendant's Counter-Notice to Google despite the side by side comparison of the deliberate copying of Plaintiff's Mobile App leaves Plaintiff with no other recourse than to bring the present action again Defendant to protect Plaintiff's valuable intellectual property rights.

## COUNT I

## FEDERAL COPYRIGHT INFRINGEMENT – 17 U.S.C. §§ 106 AND 501, *et seq*.

32. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs, as if the same was more fully set forth herein.

33. Plaintiff's Mobile App constitute original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

34. Plaintiff is the owner of all rights, title, and interest in the Mobile App including its in-app images, displays, layout, text, sequences of text, and user interface relating to Plaintiff's Mobile App, which has never been assigned, licensed or otherwise transferred to Defendant.

35. Plaintiff is entitled to protection of its copyrighted works through the Berne Convention for the Protection of Literary and Artistic Works, in which the United States is a signatory, along with many other countries in which Plaintiff's Mobile App was released.

36. Plaintiff's Mobile App, including the copyrighted work therein, is published on the internet and made globally available to numerous countries worldwide, including to Defendant. As such, Defendant had access to Plaintiff's Mobile App.

37. Without authorization from Plaintiff, or any right under the law, Defendant has deliberately copied, displayed, distributed, reproduced and/or made derivate works incorporating Plaintiff's Mobile App including its in-app images, displays, layout, text, sequences of text, and user interface relating to Plaintiff's Mobile App.

38. Defendant's Blood Pressure Tracker App mobile application is virtually identical to, or at the very least substantially similar to the look and feel of the in-app images, displays, layouts, text, text sequences, and user interfaces so as to infringe on Plaintiff's copyrighted work.

Such conduct infringes and continues to infringe Plaintiff's copyrighted work in the Mobile App in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)-(3), (5).

39. Defendant reaps the benefits of the unauthorized copying and distribution of Plaintiff copyrighted work in the Mobile App, including its in-app images, displays, layout, text, text sequences, and user interface relating to Plaintiff's Mobile App, in the form of revenue and other profits that are driven by the sale of Defendant's identical Blood Pressure Tracker App.

40. Defendant has unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating unauthorized Blood Pressure Tracker App that capture the total concept and feel of Plaintiff's Mobile App.

41. Upon information and belief, Defendant's infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's rights.

42. Defendant, by their actions, have damaged Plaintiff in an amount to be determined at trial.

43. Defendant's aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiff will continue to suffer damages and irreparable injury. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of its copyrighted work in Plaintiff's Mobile App.

44. As a direct and proximate result of its wrongful conduct, Plaintiff has suffered and will continue to suffer actual damages in addition to Defendant profiting and continuing to profit from its wrongful conduct. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

45. Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## COUNT II

## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

## (815 ILCS § 510, *et seq*.)

46. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs, as if the same was more fully set forth herein.

47. As detailed throughout this Complaint, Defendant has infringed Plaintiff's copyrighted work by using identical, or at the very least substantially similar, in-app images, displays, layouts, text, text sequences, and user interface as Plaintiff's Mobile App.

48. Defendant's infringement of Plaintiff's copyrights is solely for Defendant's own benefit and profit as Defendant attempts to use Plaintiff's hard-earned reputation and goodwill to boost Defendant's own, later created and released Blood Pressure Tracker App mobile application.

49. Defendant's acts and conduct constitute "deceptive trade practice" within the meaning of Illinois Uniform Deceptive Trade Practices Act.§510 *et seq*. Defendant's acts and conduct are wrongful, knowing, willing, and malicious, and constitute unfair competition under Illinois law.

50. Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will continue to suffer future irreparable harm as a direct result of Defendant's unlawful activities.

## COUNT III

## UNJUST ENRICHMENT

51. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs, as if the same was more fully set forth herein.

52. As a result of Defendant's actions as stated herein, Defendant has been unjustly enriched and, at the same time, is causing a loss of revenue to Plaintiff to Plaintiff's detriment.

53. Defendant has accepted and retained the benefit of the unjust enrichment from its wrongful conduct.

54. There is no express, written contract between Plaintiff and Defendant that would allow Defendant to retain the benefit of the unjust enrichment from its wrongful conduct as described herein.

55. Plaintiff is entitled to recover from the Defendant its unjust enrichment including gains, profits, and advantages obtained as a result of its wrongful conduct. Plaintiff is, at present, unable to ascertain the full extent of the gains, profits, and advantages Defendant has obtained by reason of its wrongful conduct.

56. By reason of the foregoing, Plaintiff seeks damages based on Defendant's unjust enrichment in the amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

1. For judgment in favor of Plaintiff and against Defendant on all claims.
2. That pursuant to 17 U.S.C. § 502, Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with Defendant be temporarily, preliminarily, and permanently enjoined

and restrained from providing, reproducing or creating derivative works of Defendant's Blood Pressure Tracker App;

3. That pursuant to 17 U.S.C. § 504, Plaintiff recover actual damages and Defendant's all profits, such sums to be proven at trial;

4. That Defendant be ordered to pay all of Plaintiff's attorney fees and costs associated with this action pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1117(a);

5. That pursuant to Illinois Uniform Deceptive Trade Practices Act.§510 *et seq.*, Plaintiff be awarded damages in an amount to be proven at trial;

6. Awarding to Plaintiff compensatory, general and special, consequential and incidental damages in any additional, yet currently unknown, amount to be determined at trial;

7. Awarding pre- and post- judgment interest; and,

8. Awarding any and all other relief that this Court deems just and proper.

Dated: January 23, 2023            Respectfully submitted,

s/ Jacob D. Radecki
Jacob D. Radecki (ARDC #6321345)
McDonald Hopkins LLC
300 N. LaSalle Street, Suite 1400
Chicago, IL 60654
Phone: (312) 208-0111
Email: jradecki@mcdonaldhopkins.com

Mandy Song (*pro hac vice application forthcoming*)
Gulnaz Donahue (*pro hac vice application forthcoming*)
Bayes PLLC
8260 Greensboro Drive, Suite 625
McLean, VA 22102
Phone: (703) 995-9887
Email: mandy.song@bayes.law
       gulnaz.donahue@bayes.law

## **JURY DEMAND**

Plaintiff hereby requests a jury in this matter on all issues so triable.

Dated: January 23, 2023

Respectfully submitted,

s/ Jacob D. Radecki
Jacob D. Radecki (ARDC #6321345)
McDonald Hopkins LLC
300 N. LaSalle Street, Suite 1400
Chicago, IL 60654
Phone: (312) 208-0111
Email: jradecki@mcdonaldhopkins.com

Mandy Song (*pro hac vice application forthcoming*)
Gulnaz Donahue (*pro hac vice application forthcoming*)
Bayes PLLC
8260 Greensboro Drive, Suite 625
McLean, VA 22102
Phone: (703) 995-9887
Email: mandy.song@bayes.law
gulnaz.donahue@bayes.law